20120716 000777 6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jul 11 9:08 AM-12CV008788

## IN THE COURT OF COMMON PLEAS
## FOR FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **JAMIE HART**<br>3745 Kilmuir Dr.<br>Columbus, Ohio 43221<br><br>PLAINTIFF,<br><br>vs.<br><br>**NCO FINANCIAL SYSTEMS, INC.**<br>507 Prudential Road<br>Horsham, Pa. 19044<br><br><br>c/o CT Corporation System, Statutory Agent<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>DEFENDANT. | : | CASE NO. _____<br><br>JUDGE _____<br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

### COMPLAINT

This civil complaint concerns NCO Financial Systems Inc.'s (hereinafter "NCO") negligent security at its location at 5626 Frantz Road, Columbus, Ohio, as it relates to its former employee, Jamie Hart ("Plaintiff"). As a direct and proximate result of NCO's actions, Plaintiff has suffered numerous and substantial injuries and damages. Now comes Plaintiff, and for his Complaint against NCO, states as follows:

1

## Parties

1. At all times relevant to the Complaint, NCO is a Pennsylvania corporation registered as a foreign corporation with the Ohio Secretary of State to conduct business in the State of Ohio. NCO has operations located at 5626 Frantz Road, Dublin, Ohio 43017.

2. At all times relevant to the Complaint, Plaintiff Jamie Hart was a resident of Franklin County, Ohio

3. Pursuant to the Ohio Rules of Civil Procedure Rule 3(b)(1) and (3), venue is properly vested in Franklin County, Ohio.

## Factual Background

4. This is a Complaint for damages resulting from Defendant failing to provide a safe work environment for Plaintiff, which resulted in Plaintiff being shot in his head and face on December 14, 2010 at NCO's location at 5626 Frantz Road, Dublin, Franklin County, Ohio 43017.

5. At all relevant times, NCO was in possession of and control of the property located at 5626 Frantz Road, Dublin, Franklin County, Ohio 43017 and had exclusive right to admit or exclude others from said property.

6. On July 6, 2010, Plaintiff Jamie Hart began working for NCO at its Dublin, Ohio location.

7. At this time, Plaintiff Jamie Hart was engaged to be married to Melissa (Missie) Stredney. Afterwards, the relationship between Plaintiff and Stredney deteriorated and Plaintiff broke off the engagement.

8. In September 2010, Melissa Stredney arrived at NCO's offices at 5626 Frantz Road, Dublin, Ohio. Ms. Stredney entered the building, made her way to Plaintiff's work area and physically assaulted him. NCO employees Belinda L. Hunter and Oliver Lee witnessed this incident.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jul 11 9:08 AM-12CV008788

9. Further, Kibwe Rayford, who upon information and belief is a supervisor with managerial authority, was notified that Ms. Stredney had gained access to the building and assaulted or otherwise had a physical confrontation with Plaintiff. Mr. Rayford escorted Ms. Stredney out of the building and advised her she was not allowed in the building or on NCO's premises. Additionally, Mr. Rayford reported the confrontation to NCO management and human resources.

10. NCO employee Kurt A. Meyer witnessed Ms. Stredney being escorted out of the building.

11. On or about the day after Ms. Stredney's physical confrontation with Plaintiff, Laura Symsick, who upon information and belief is the NCO employee and/or officer in charge of NCO's Dublin, Ohio location, was notified that Ms. Stredney had gained access to the building and threatened and physically assaulted Plaintiff.

12. Approximately a week later, Ms. Symsick was notified that Ms. Stredney had sent text messages threatening Plaintiff with physical harm. Ms. Symsick informed Meredith Byers in the company's human resources office of these threats against Plaintiff. Ms. Symsick and Ms. Byers merely instructed Mr. Hart to notify the police should Ms. Stredney come upon NCO's property and did nothing further to provide for Plaintiff's safety while he was present at NCO.

13. Following the physical confrontation, NCO employee Oliver Lee observed that Plaintiff was concerned for his safety and constantly looking out for Ms. Stredney being on NCO property. Mr. Lee further reported observing Ms. Stredney stalk Plaintiff on numerous occasions on NCO's premises.

14. In November 2010, Melissa Stredney threatened Plaintiff and anyone else who got in her way of being able to cause Plaintiff harm while at his work place. Plaintiff notified his supervisors at NCO that Ms. Stredney threatened to cause physical violence to himself and other employees of NCO. Once again, NCO did nothing to provide a secure work place for Plaintiff.

15. Between October and December 2010, Plaintiff and other employees of NCO, including Danaysa Caceres, Kurt A. Meyer, Oliver Lee, Belinda L. Hunter, and Che P. Valdivia witnessed Ms. Stredney on NCO's property numerous times and reported her presence to NCO supervisors. No action was again taken by NCO to prohibit Ms. Stredney from entering NCO's location or otherwise provide Plaintiff adequate security while at NCO's office.

16. Indeed, NCO employee Danaysa Caceres witnessed Ms. Stredney in the NCO parking lot at least three times during November and December 2010. Additionally, Ms. Caceres and Mr. Valdivia observed Ms. Stredney in her vehicle on NCO's premises and then follow Plaintiff out of the parking lot.

17. Further, during this time frame Ms. Stredney communicated additional threats of physical violence toward Plaintiff and employees of NCO. These threats included killing and/or shooting Plaintiff. Plaintiff advised NCO supervisors of these additional threats.

18. Due to NCO's failure to take any action to provide for Plaintiff's safety while he was at work, Plaintiff began to park offsite for work and accessed this building through a lesser used entrance to NCO's building.

19. On December 9, 2010, Ms. Stredney entered NCO's premises. Ms. Stredney's presence on NCO's property was observed by employee Che Valdivia. Mr. Valdivia witnessed Ms. Stredney in her car, and Stredney began to follow Mr. Valdivia and Plaintiff as they made their way through the parking lot to their cars. Plaintiff informed Mr. Valdivia that he feared Ms. Stredney would shoot him.

20. Additionally, on December 9, 2010, Belinda Hunter, an employee of NCO also witnessed Melissa Stredney sitting in a vehicle parked in the lot of NCO's property.

21. Further, on December 9, 2010, Mr. Rayford was notified that Ms. Stredney had been on the property. He notified management and instructed Mr. Hart to file a police report. Still no security measures were undertaken by NCO to provide for Plaintiff's or others' protection from a known and specific threat, Ms. Stredney.

4

22. Although Ms. Stredney had been put on notice by Mr. Rayford that she was not to be on NCO's premises, NCO never took any action on any occasion to prohibit Ms. Stredeny from accessing NCO's premises or remove her from NCO's premises after she gained access.

23. On the morning of December 14, 2010, Melissa Stredney arrived at NCO's premises. She parked her silver Chevrolet Cavalier in a handicap parking spot and waited for Plaintiff to arrive. Again, NCO failed to have any measures in place to prohibit Ms. Stredney from accessing the property or to remove her from the property.

24. Subsequently, Plaintiff arrived at work, got out of his car, and began to walk toward the entrance when Stredney approached him.

25. Stredney began waving a gun at Plaintiff and ordered him into her vehicle. Plaintiff refused to enter the vehicle and told Stredney to put away the gun. Subsequently, Stredney fired the gun and shot Plaintiff in the face and head area

26. As a direct and proximate result of NCO's negligent, malicious and reckless conduct Plaintiff suffered severe injuries including the loss of his eye and part of his skull. Plaintiff has undergone numerous surgeries and has significant permanent scarring on his face and head.

27. The amount of Plaintiff's medical costs alone, as a direct and proximate result of Defendant's conduct, is in excess of $750,000 and continues to climb as Plaintiff is still undergoing treatment.

28. At all relevant times, Plaintiff was a business invitee of NCO's.

## COUNT I-NEGLIGENCE

29. Paragraphs 1 – 28 of the Complaint are expressly incorporated as if rewritten and re-alleged herein.

30. As an employee of NCO, Plaintiff was a business invitee of NCO and NCO had a duty toward Plaintiff to warn or protect Plaintiff from the acts of Melissa Stredney.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jul 11 9:08 AM-12CV008788

31. The acts of Ms. Stredney toward Plaintiff were foreseeable as NCO knew or should have known that Ms. Stredeny was a substantial risk of physical harm to Plaintiff and other employees of NCO.

32. Further, NCO had actual knowledge or at least should reasonably have known of or anticipated the types of danger posed by or acts of Ms. Stredney which resulted in the injuries sustained by Plaintiff.

33. NCO breached its duty to Plaintiff by failing to take any action to ensure the safety of Plaintiff while on NCO's property and otherwise utterly failing to undertake any measures to meet its duty of ordinary care of maintaining its premises in a reasonably safe condition so that Plaintiff was not unreasonably or unnecessarily exposed to danger.

34. NCO acted in a willful, malicious, aggravated, egregious and deliberately indifferent manner in breaching its duty owed toward Plaintiff.

35. As a direct and proximate result of NCO's negligence, Plaintiff was shot in the face and head and has suffered mental anguish, incurred severe injuries including permanent and substantial physical deformity, ongoing pain and suffering, restriction of his daily activities and loss of the ability to perform everyday functions that he enjoyed before the accident. He has further incurred expenses, medical expenses, lost income, impaired earning capacity, and other losses, which are ongoing, in excess of $25,000.00.

## COUNT II-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Paragraphs 1 – 35 of the Complaint are expressly incorporated as if rewritten and re-alleged herein.

37. Defendant in the course of its conduct and actions with respect to Plaintiff intentionally and maliciously caused Plaintiff serious emotional distress or should have known that its actions or conduct would result in serious emotional distress to Plaintiff.

38. Defendant's conduct in failing to take appropriate action when NCO knew or should have known that Ms. Stredney was a substantial risk of physical harm to Plaintiff and

6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2012 Jul 11 9:08 AM-12CV008788

other employees of NCO was extreme and outrageous and went beyond the bounds of decency and is intolerable in the community.

39. Defendant's actions and conduct were the direct and proximate cause of Plaintiff's psychological, mental and/or emotional injuries and such injuries were serious and of a nature that no reasonable person could be expected to endure said injuries.

40. As a direct and proximate result of said conduct and actions, Plaintiff has been damaged in an amount in excess of $25,000.00.

## COUNT III-NEGLIGENT INFLICTION OF EMOTIONAL DAMAGE

41. Paragraphs 1 – 40 of the Complaint are expressly incorporated as if rewritten and re-alleged herein.

42. Defendant in the course of its conduct and actions with respect to Plaintiff negligently caused Plaintiff serious emotional distress or should have known that its actions or conduct would result in serious emotional distress to Plaintiff.

43. Defendant's conduct in failing to take appropriate action when NCO knew or should have known that Ms. Stredeny was a substantial risk of physical harm to Plaintiff and other employees of NCO was extreme and outrageous and went beyond the bounds of decency and is intolerable in the community.

44. Defendant's actions and conduct were the direct and proximate cause of Plaintiff's psychological, mental and/or emotional injuries and such injuries were serious and of a nature that no reasonable person could be expected to endure said injuries.

45. Defendant's conduct put Plaintiff in fear of physical consequences to his own person and Plaintiff was actually injured as the result of Defendant's negligence.

46. As a direct and proximate result of said conduct and actions, Plaintiff has been damaged in an amount in excess of $25,000.00.

### Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) That he recover full damages in an amount in excess of $25,000.00;

(b) For reasonable and/or statutory attorney's fees;

(c) Punitive damages in excess of $25,000;

(d) For costs expended herein;

(e) For prejudgment and post judgment interest;

(f) For any other relief, at law or equity, this Court deems appropriate.

Respectfully submitted,

/s/Nathan D. Painter
NATHAN D. PAINTER (0076274)
DEANNA J. DUVALL (0088257)
REBECCA L. BROOKS (0077774)
PAINTER & WESTFALL, LLC
5491 Scioto Darby Road, Ste. 102
Hilliard, Ohio 43026
Phone: 614.319.3306
Fax: 866.619.1707
Email: nathan@painterandwestfall.com
deanna@painterandwestfall.com
rebecca@painterandwestfall.com
*Counsel for Plaintiff, Jaime Hart*

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable thereto.

/s/Nathan D. Painter
NATHAN D. PAINTER (0076274)
*Counsel for Plaintiff, Jaime Hart*